*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0222p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DAVID and BONNIE CAVANAUGH, for the minor
child, KYLE CAVANAUGH,

               *Plaintiffs-Appellants,*

      *v.*

CARDINAL LOCAL SCHOOL DISTRICT,

               *Defendant-Appellee.*

No. 03-4231

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 02-00254—David S. Perelman, Magistrate Judge.

Submitted: April 29, 2005

Decided and Filed: May 18, 2005

Before: SUHRHEINRICH, BATCHELDER, and GIBSON, Circuit Judges.[*]

_____

**COUNSEL**

**ON BRIEF:** Krista K. Keim, Scott C. Peters, BRITTON, SMITH, PETERS & KALAIL CO., L.P.A., Cleveland, Ohio, for Appellee. Bonnie Cavanaugh, Middlefield, Ohio, pro se.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Circuit Judge. Plaintiffs-Appellants David and Bonnie Cavanaugh ("the Cavanaughs"), on behalf of themselves and their minor child, Kyle Cavanaugh, appeal the Magistrate Judge's order denying their claim that the Cardinal Local School District ("Cardinal") did not provide Kyle, who is disabled, with a "free appropriate public education" ("FAPE") as required by the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. 1401 *et seq.*[1] Cardinal has filed a motion to dismiss the instant appeal for lack of jurisdiction on the

---

[*]The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

[1]The IDEA provides federal money to assist state and local agencies in educating disabled children, but conditions the receipt of those funds on the State's compliance with extensive goals and procedures. To qualify for funds under the IDEA, a State must demonstrate that it has in effect a policy that assures all disabled children the right to a free

ground that the Cavanaughs, who appear before this court pro se, cannot appear pro se in asserting Kyle's rights under the IDEA.[2]  The Cavanaughs, who are not lawyers, argue that their appeal is properly before this court because:  1) they may represent Kyle's rights under the IDEA and 2) the IDEA grants them a cognizable right of their own to a FAPE for their son.

## I.

We address first the Cavanaughs argument that a parent, acting pro se, may enforce his disabled child's right to a FAPE, as guaranteed by the IDEA.  Pursuant to 28 U.S.C. § 1654, the Cavanaughs have the right to act as their own counsel, and, under both the IDEA and FED R. CIV. P. 17(c), they may sue or defend on their minor child's behalf.  These provisions, however, do not permit parents to serve as legal counsel for their minor child's cause of action.  "[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (citing *Cheung v. Young Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *see also Osei-Afriyie by Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991).  Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action. *See Shepherd*, 313 F.3d at 970 (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).  Title 28 U.S.C. § 1654 and Rule 17(c) do not give the Cavanaughs the right to act as Kyle's attorney in his action against Cardinal.

The Cavanaughs assert that the IDEA itself grants them the right to act as their own counsel in bringing this cause of action on their son's behalf under its provisions.  We begin our analysis of this argument with the well-settled principle that Congress "is understood to legislate against a background of common-law . . . principles." *Meyer v. Holley*, 537 U.S. 280, 285 (2003) (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991)).  The Supreme Court has held that "[s]tatutes which invade the common law . . . are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident . . .  In order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law." *United States v. Texas*, 507 U.S. 529, 534 (1993) (internal citations and quotations omitted).  "That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law." *Heldt v. Nicholson*, No. 99-2120, 2000 WL 1176879 at *1 (6th Cir. Aug. 10, 2000) (unpublished) (citing *Collinsgru v. Palmyra Board of Education*, 161 F.3d 225, 231-32 (3d Cir. 1998)); *see also Neilson v. State of Michigan*, No. 98-1317, 1999 WL 313854 at *1 (6th Cir. May 3, 1999) (unpublished) (citing *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308-09 (2d Cir. 1991)); *Cincinnati Bar Association v. Estep*, 657 N.E.2d 499, 500 (Ohio 1995).

The Cavanaughs can point to no language in the IDEA that abrogates the common law rule that non-lawyers may not represent litigants in court.  To the contrary, the language of the IDEA evidences a congressional intent to prohibit non-lawyer parents from representing their minor children in suits brought under its provisions.  The IDEA explicitly grants parents the right to a due process hearing as part of the administrative proceedings provided for by the statute, and the

---

appropriate public education.  20 U.S.C. § 1412(a)(1)(A).  As part of the student's FAPE, representatives from the student's school, his teacher, and his parents must create an "individualized educational program" or "IEP." 20 U.S.C. § 1401(11).  An IEP consists of a statement of the student's present level of educational performance, a statement of goals, a statement of the specific educational services to be provided to the child, the projected date for the initiation of these services, and appropriate objective criteria and evaluation procedures , which determine whether the student's instructional objectives are being achieved.  20 U.S.C. § 1414(d).

[2]The Cavanaughs were represented by counsel in all administrative and court proceedings leading up to this appeal.

regulations provide to the parents the right to present evidence and examine witnesses on behalf of the child in such a proceeding. 20 U.S.C. § 1415(f)(1); 34 C.F.R. § 303.422(b)(2). In stark contrast, the provision of the IDEA granting "[a]ny party aggrieved" access to the federal courts, 20 U.S.C. § 1415(i)(2)(A), makes no mention of parents whatsoever. Applying the canon of *expressio unius est exclusio alterius*, which says that the mention of one thing implies the exclusion of another, *Millsaps v. Thompson*, 259 F.3d 535, 546 (6th Cir. 2001), we conclude that the IDEA does not grant parents the right to represent their child in federal court. *See Collinsgru*, 161 F.3d at 232 ("In the IDEA, Congress expressly provided that parents were entitled to represent their child in administrative proceedings. That it did not also carve out an exception to permit parents to represent their child in federal proceedings suggests that Congress only intended to let parents represent their children in administrative proceedings."). We also note that this conclusion comports with principles of federalism insofar as allowing non-lawyers to represent IDEA plaintiffs would undermine the States' strong interest in regulating the practice of law.

Accordingly, we join the Second, Third, Seventh, and Eleventh Circuits in holding that non-lawyer parents may not represent their child in an action brought under the IDEA. *Navin v. Park Ridge School District 64*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Collinsgru*, 161 F.3d at 227; *Wenger v. Canastota Central School District*, 146 F.3d 123, 124-25 (2d Cir. 1998) (per curiam); *Devine v. Indian River County School Board*, 121 F.3d 576, 582 (11th Cir. 1997). That his parents may not appear pro se on his behalf, however, does not require us to dismiss Kyle's appeal for lack of jurisdiction, as Cardinal urges. We clearly have jurisdiction over the appeal brought on his behalf, and will require only that the Cavanaughs obtain counsel if they choose to pursue his appeal.

## II.

David and Bonnie Cavanaugh also argue that we should reach the merits of their appeal because Cardinal violated the Cavanaughs' own rights under the IDEA by denying Kyle a FAPE. As we will explain, however, the text of the IDEA does not support the proposition that its guarantee of a FAPE is a right that Kyle shares jointly with his parents.

As this court has observed, "the intended beneficiary of the IDEA is not the parents of the individual with a disability, but the disabled individual." *Barnett v. Memphis City Schools*, No. 01-5050, 113 Fed. Appx. 124, 128-29 (6th Cir. Oct. 28, 2004) (unpublished). One of the purposes of the IDEA is "to ensure that all *children* with disabilities have available *to them* a free appropriate public education . . . ." 20 U.S.C. § 1400(d)(1)(A) (emphasis added). Addressing the Education of the Handicapped Act, now the IDEA, the Supreme Court has stated "[b]y passing the Act, Congress sought primarily to make public education available *to handicapped children*." *Board of Education Of the Hendrick Hudson Central School District, Westchester County v. Rowley*, 458 U.S. 176, 192 (1982) (emphasis added). In light of these authorities, we think that Kyle's right to a FAPE is his alone.

We are mindful that the IDEA does grant parents of disabled students a narrow set of procedural rights, *see Wenger*, 146 F.3d at 126; *Collinsgru*, 161 F.3d at 233, which include a parent's right to participate in meetings that evaluate the child's performance, 20 U.S.C. § 1415(b); to receive prior written notice whenever the agency proposes a change to the IEP, 20 U.S.C. § 1415(b)(3); and to participate in due process hearings. 20 U.S.C. § 1415(f)(1). However, these procedural rights exist only to ensure that the child's substantive right to a FAPE is protected and do not confer on the parents a vicarious, substantive right to a FAPE. *Rowley*, 458 U.S. at 206 ("adequate compliance with [the IDEA's procedures] would in most cases assure much if not all of what Congress wished in the way of substantive content in an IEP"); *Doe v. Board of Educ. of Baltimore County*, 165 F.3d 260, 263 (4th Cir. 1998) (holding that an attorney-parent pursuing IDEA services for his child is acting for the child and not for himself because "[t]hough parents have some rights under the IDEA, the child, not the parents, is the real party in interest in any IDEA

proceeding. The references to parents are best understood as accommodations to the fact of the child's incapacity. That incapacity does not collapse the identity of the child into that of his parents."); *see also* Philip T.K. Daniel, *Education For Students With Special Needs: the Judicially Defined Role of Parents In the Process*, 29 J.L. & EDUC. 1, 6-7 (2000) ("[t]he IDEA provides disabled students and their parents with substantial procedural safeguards to ensure that such children receive the appropriate education mandated by the Act"). We have considered, and reject, the reasoning of the First Circuit in *Maroni v. Pemi-Baker School Dist.*, 346 F.3d 247 (1st Cir. 2003) (interpreting the IDEA as including parents as "parties aggrieved" who have a right to bring, pro se, a civil action under 20 U.S.C. § 1415(i)(2)(A)). Adopting instead the reasoning of *Collinsgru*, 161 F.3d at 232-37, we hold that the right of disabled child to a FAPE belongs to the child alone, and is not a right shared jointly with his parents. Therefore, any right on which the Cavanaughs could proceed on their own behalf would be derivative of their son's right to receive a FAPE, and wholly dependent upon the Cavanaughs' proceeding, through counsel, with their appeal on Kyle's behalf.

We hold, therefore, that unless within 30 days of the entry of this opinion the docket on appeal reflects the entry of appearance of counsel for the Cavanaughs with regard to the appeal on Kyle's behalf, we will dismiss the appeal.