NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0728n.06
Filed: August 19, 2005

Case No. 03-4231

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DAVID and BONNIE CAVANAUGH, for the minor child, KYLE CAVANAUGH, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| CARDINAL LOCAL SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, BATCHELDER and GIBSON[*], Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Plaintiffs-Appellants David and Bonnie Cavanaugh ("the Cavanaughs"), on behalf of their minor child, Kyle Cavanaugh, appeal the Magistrate Judge's order denying their claim that Defendant-Appellee Cardinal Local School District ("Cardinal") did not provide Kyle, who is disabled, with a "Free Appropriate Public Education" ("FAPE") as required by the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* Bonnie Cavanaugh initiated this case on April 2, 2001, by filing a request for a due process hearing with the Ohio Department of Education, claiming that the Individualized Educational Plan drafted and implemented by Cardinal failed to provide Kyle with a FAPE. After holding a hearing, an impartial hearing officer issued a decision finding that Cardinal had not

_____

[*]The Honorable John R. Gibson, Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

provided Kyle with a FAPE during the 2000-2001 school year and awarded the Cavanaughs one year of compensatory education. The hearing officer also held, however, that complaints occurring before April 2, 1999, were barred by a two-year statute of limitations and that the Cavanaughs were not entitled to attorney fees. Both Cardinal and the Cavanaughs appealed to a state level review officer.

The review officer concluded that Cardinal had provided Kyle a FAPE, and that the Cavanaughs were entitled to neither compensatory education nor attorney fees. The Cavanaughs appealed this decision to the United States District Court and on June 30, 2003, Magistrate Judge David S. Perelman issued an order upholding the decision of the review officer. Applying Ohio's two-year statute of limitations on personal injuries, the magistrate judge held that all claims accruing before April 2, 1999, were time-barred. The court then upheld the review officer's decision that Kyle received a FAPE. The Cavanaughs, proceeding pro se, appealed the magistrate's decision to this court and filed briefs arguing that Kyle had indeed been denied a FAPE and that the magistrate erred by applying a two-year statute of limitations. Because non-attorney parents cannot represent their child in an IDEA action and because Kyle's right to a FAPE was not a right that he shared jointly with his parents, we held that the Cavanaughs could not proceed on their son's behalf and that their appeal would be dismissed unless they obtained counsel within 30 days. *See Cavanaugh v. Cardinal Local School District*, 409 F.3d 753 (6th Cir. 2005). The Cavanaughs retained counsel and submitted a supplemental brief arguing that Kyle was denied a FAPE because his Individualized Educational Program was poorly written and did not contain clear standards with which to measure his progress. They also contend that the magistrate judge erroneously applied a two-year statute of limitations, but do not specify which limitation period should apply.

2

The Cavanaughs further argue that Cardinal violated the procedural requirements of the IDEA by withholding some of Kyle's scholastic records and that these procedural violations denied Kyle a FAPE. The Cavanaughs' brief, however, neither describes these records nor explains why they are important. Instead, the brief references an attached affidavit in which Bonnie Cavanaugh avers that portions of Kyle's academic record, which she had previously requested in full, began surfacing in June of 2005. She describes these documents as including, "but . . . not limited to, years of teachers' meetings notes regarding my son, medical reports dealing with my son, a history of regular education intervention attempts concerning my son's education progress, selected court documents, outside evaluations of my son by professionals and correspondence and petitions concerning my son." Mrs. Cavanaugh's affidavit does not elaborate on precisely why the records are important; instead she avers "[h]ad I had copies or been aware of these records, at the appropriate time, they would have been an important part of the record I would have presented in my due process actions and my subsequent court appearances."

On August 10, 2005, the Cavanaughs filed a motion for extension of time to permit the district court to consider a motion filed under FED. R. CIV. P. 60(b)(3), claiming newly discovered evidence. Such a motion, we note, is properly brought under Rule 60(b)(2), but the erroneous designation is immaterial: a motion under either of these subsections of Rule 60(b) must be filed within one year of the entry of the judgment from which the movant seeks relief, and this motion was filed more than two years after the judgment. While we have the authority pursuant to the procedure outlined in *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), to await an order from the district court indicating its inclination to grant a timely Rule 60(b) motion, we have no reason to await such an order here.

3

The Cavanaughs have provided us with neither any copies of the records themselves nor a sufficiently detailed description of their contents to permit us to determine the significance or the relevance of these records, and their motion for an extension of time is, as we have explained above, improper. Accordingly, we will proceed to consideration of the merits of their case.[1]

When reviewing a district court's denial of relief under the IDEA, we review the findings of fact for clear error and the conclusions of law de novo. *Berger v. Medina City School District*, 348 F.3d 513, 519 (6th Cir. 2003). The district court undertakes a "modified de novo review" of the administrative decision in an action brought under the IDEA. *Board of Education v. Rowley*, 458 U.S. 176, 206 (1982). "In doing so, the district court must make an independent examination of the evidence and base its decision on a preponderance of the evidence contained in the complete record, while giving due weight to the factual findings made in the state administrative proceedings; particularly when educational expertise is essential to those findings." *Berger*, 348 F.3d at 519 (quotation omitted).

Having carefully considered the record on appeal and the briefs of the parties, we conclude that the magistrate judge's order contains no reversible error either in its findings of fact or its conclusions of law. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we affirm on the basis of the magistrate judge's well-reasoned opinion the order denying compensatory education. We note specifically that we agree with the magistrate judge's decision to apply Ohio's two-year statute of limitations on personal injuries, O.R.C. § 2305.10(A), to the Cavanaughs' IDEA action. As stated in *King v. Floyd County Board of*

---

[1]We note that on June 30, 2005, Bonnie Cavanaugh, once again acting as a pro se advocate on behalf of her son, filed a motion requesting that we dely our decision for 21 days so that Cardinal may "correct" the record. Because a non-attorney parent may not represent her son in an IDEA action, *see Cavanaugh*, 409 F.3d at 756, and because, in any event, Cardinal has no duty to supplement the record, we decline to consider Mrs. Cavanaugh's request.

4

*Education*, "[b]ecause the [IDEA] contains no specific statute of limitations, the most appropriate [state] statute of limitations must be determined by the Court." 228 F.3d 622, 624 (6th Cir. 2000) (quoting *Janzen v. Knox County Board of Education*, 790 F.2d 484, 486 (6th Cir. 1986)). We look to the state cause of action that most closely parallels the action brought under the IDEA and then apply in the federal proceedings the limitations period appropriate to that cause of action. *Id.* The limitations period must be determined on a "case-by-case basis," in view of the "facts, the circumstances, the posture of the case and the legal theories presented." *Janzen*, 790 F.2d at 486-87.

Like a claim for personal injury, the Cavanaughs' IDEA suit seeks to compensate Kyle for his injuries by making him "whole." *See Birmingham v. Omaha School District*, 220 F.3d 850, 856 (8th Cir. 2000) (applying Arkansas's statute of limitations on personal injury actions to a claim brought under the IDEA). We have applied a state statute of limitations on personal injury actions in analogous situations. We have looked to O.R.C. § 2305.10 for claims brought under 42 U.S.C. § 1983, *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519-20 (6th Cir. 1997) and K.R.S. § 413.140, Kentucky's one-year statute of limitations on personal injury actions, to claims brought under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which prohibits the exclusion of disabled people from federally funded programs. *Southerland v. Hardaway Management Co*., *Inc*. 41 F.3d 250, 253-55 (6th Cir. 1994). Borrowing Ohio's two-year statute of limitations for both § 1983 and IDEA claims also yields a result consistent with *Gean v. Hattaway*, 330 F.3d 758, 773 (6th Cir. 2003), in which we held that an IDEA claim may be brought either directly under the statute's own provisions or, in some circumstances, under § 1983. *See Birmingham*, 220 F.3d at 856.

We think that the two-year limitation period allowed the Cavanaughs ample time in which to assert Kyle's rights under the IDEA, especially considering that Thomas Stone, an elementary

principal in the Cardinal School District, provided the Cavanaughs with a statement of Kyle's rights under the IDEA in May of 1994. *See Strawn v. Missouri State Board of Education*, 210 F.3d 954, 958 (8th Cir. 2000) ("A two-year statute of limitations does not frustrate federal policy. A two-year limitation provides for relatively quick resolution of the claims so that important years of education are not lost. Two years is also not such a brief period that it undermines the IDEA policy of providing parents the opportunity to protect their disabled children's rights").

For the foregoing reasons, we **AFFIRM** the judgment of the magistrate judge.