NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0795n.06
Filed: September 20, 2005

No. 04-4159

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JACOB WINKELMAN, a minor, by and through his parents and legal guardians, JEFF and SANDEE WINKELMAN, | ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| v. | ) ) | NORTHERN DISTRICT OF OHIO |
| PARMA CITY SCHOOL DISTRICT, | ) ) ) | |
| Defendant-Appellee. | ) | |

Before: SILER and SUTTON, Circuit Judges; SHARP, District Judge.[*]

PER CURIAM. Jeff and Sandee Winkelman brought this action under the Individuals with Disabilities Education Act (IDEA), *see* 20 U.S.C. § 1400 *et seq.*, seeking an appropriate educational placement for their son, Jacob. Unable to obtain relief in the district court, they filed this appeal.

Before reaching the merits of the appeal, we face a threshold question about the authority of the Winkelmans to appear *pro se* in asserting Jacob's rights under the IDEA. Our recent decision in *Cavanaugh v. Cardinal Local School District*, 409 F.3d 753 (6th Cir. 2005), provides a dispositive answer to this question and (for now) to this appeal. According to *Cavanaugh*, "the

---

[*]The Honorable Allen Sharp, United States District Judge for the Northern District of Indiana, sitting by designation.

IDEA does not grant parents the right to represent their child in federal court." *Id.* at 756. In reaching this conclusion, we reasoned that the IDEA "'expressly provided that parents were entitled to represent their child in administrative proceedings'" but did not "'carve out an exception to permit parents to represent their child in federal proceedings,'" an omission that prompted the inference "'that Congress only intended to let parents represent their children in administrative proceedings.'" *Id.* (quoting *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998)); *see also id.* ("[T]he language of the IDEA evidences a congressional intent to prohibit non-lawyer parents from representing their minor children in suits brought under its provisions."). At the same time, we also concluded that parents cannot pursue their own substantive IDEA claim *pro se*, because the IDEA does not grant parents a substantive right to have their child receive a free appropriate public education. *See id.* at 757 ("[T]he text of the IDEA does not support the proposition that its guarantee of a [free appropriate public education] is a right that [a child] shares jointly with his parents."); *id.* ("[T]he intended beneficiary of the IDEA is not the parents of the individual with a disability, but the disabled individual.") (quotation omitted).

In urging us to reach a contrary conclusion, the Winkelmans make two arguments that *Cavanaugh* specifically considered and rejected. In concluding that "the language of the IDEA evidences a congressional intent to prohibit non-lawyer parents from representing their minor children in suits brought under its provisions," *id.* at 756, *Cavanaugh* contradicts the Winkelmans' claim that the legislative purpose of the statute supports their right to proceed *pro se*. And *Cavanaugh* likewise "considered, and reject[ed], the reasoning of the First Circuit in *Maroni* [*v.*

No. 04-4159
*Winkelman, et al. v. Parma City School District*

*Pemi-Baker Regional School District*, 346 F.3d 247 (1st Cir. 2003)],” upon which the Winkelmans

rely here.  *Cavanaugh*, 409 F.3d at 757.  Under these circumstances, we must follow the course that

*Cavanaugh* has charted for us.  We accordingly dismiss the appeal unless “within 30 days of the

entry of this opinion the docket on appeal reflects the entry of appearance of counsel” to represent

Jacob.  *Id.*