D.K., by and through his Guardian ad Litem, Andrea **KUMETZ–COLEMAN,** Steven Kumetz and Andrea Kumetz–Coleman, Plaintiffs,

v.

**HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, Defendant.**

No. SACV 05–341 CJC RNBX.

United States District Court, C.D. California, Southern Division.

March 22, 2006.

D.K., Pro se.

Andrea Kumetz–Coleman, pro se. Steven Kumetz, Pro se.

Caroline A. Zuk, Caroline A. Zuk Law Offices, Long Beach, CA, for Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

CARNEY, District Judge.

D.K., an autistic high school student, and his parents seek judicial review of an administrative decision denying D.K. requested special education services and re-

imbursement for educational services paid for by his parents during the 2004 extended school year and 2004–2005 school year, pursuant to the Federal Individuals with Disabilities Education Act ("IDEA"). (Complaint, ¶¶ 15–16.) Neither D.K. nor his parents are represented by counsel. Defendant Huntington Beach Union High School District (the "District") moves to dismiss Plaintiffs' Complaint on the ground that D.K.'s parents may not represent their child in federal court pro se. D.K.'s parents argue that the IDEA does allow them to represent their son pro se or, in the alternative, that they may sue pro se in their own capacities as "parties aggrieved" under the IDEA's right-to-sue provision, 20 U.S.C. § 1415(i)(2)(A). Because the Court holds that parents of disabled children are "parties aggrieved" under the IDEA, entitled to enforce their own substantive rights under that statute, the District's motion is DENIED.

## I. The IDEA

The IDEA, 20 U.S.C. Section 1400 *et seq.*, provides federal funding for states, conditioned on states' compliance with the Act's substantive requirements. 20 U.S.C. § 1412(a). It requires states to enact policies and procedures to ensure that "a free appropriate public education is available to all children with disabilities residing in the state between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school." 20 U.S.C. § 1412(a)(1)(A). "Free appropriate public education" ("FAPE") is defined as "special education and related services" that are, among other things, provided "at public expense, under public supervision and direction, and without charge." 20 U.S.C. § 1401(9). "Special education" means "specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability, including—(A) instruction conducted in the classroom, in the home, in hospitals

and institutions, and in other settings; and (B) instruction in physical education." 20 U.S.C. · § 1401(29). "Related Services" means transportation and other supportive services, such as psychological and corrective services, "as may be required to assist a child with a disability to benefit from special education, and includes the early identification and assessment of disabling conditions in children." 20 U.S.C. § 1401(26)(A).

One of the IDEA's central goals is to protect " 'parents' right to be involved in the development of their child's educational plan.' " *Porter by Porter v. Bd. of Trustees of Manhattan Beach Unified School District,* 307 F.3d 1064, 1066 (9th Cir.2002) (*quoting Amanda v. Clark County Sch. Dist.,* 267 F.3d 877, 882 (9th Cir.2001)). To further that goal, the IDEA requires states to provide a procedure for parents to institute complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," or to request a hearing regarding a decision to change the child's placement. 20 U.S.C. §§ 1415(b)(6)(A); 1415(k)(3)(A). When such a complaint is made, the state must provide parents or the local educational agency involved in the complaint an opportunity for an impartial due process hearing, to be conducted by the state or local educational agency, as determined by state law or by the state educational agency. 20 U.S.C. § 1415(f)(1)(A). California provides for such hearings to take place "at the state level." CAL. EDUC. CODE, §§ 56501(a), (b)(4). Each party to the hearing is guaranteed certain procedural safeguards, such as the right to present evidence and arguments, "to be accompanied by and advised by counsel and by individuals with special knowledge or training relating to the problems of individuals with exceptional needs," and the

right to confront and cross-examine witnesses. CAL. EDUC. CODE § 56505(e). A hearing conducted pursuant to Education Code Section 56505 "shall be the final administrative determination and binding on all parties," subject to the right of a party "aggrieved by the findings and decisions" in such a hearing to appeal the decision in a state court of competent jurisdiction, or bring a civil action in a federal district court. CAL. EDUC. CODE §§ 56505(h), (k); 20 U.S.C. § 1415(i)(2)(A).[1] Plaintiffs seek such review in this case. The District moves to dismiss Plaintiffs' Complaint on the ground that Plaintiffs have no counsel, and D.K.'s parents may not represent him in federal court pro se.

## II. May Plaintiffs Proceed Without an Attorney?

■ Generally, an adult litigant may represent herself in federal court. 28 U.S.C. § 1654.[2] A minor is prohibited from representing herself, but may be represented by a guardian ad litem. FED. R. CIV. P. 17(c). A guardian ad litem, however, may not represent a minor without retaining a lawyer. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). This rule is based on the common-law doctrine that "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Id.* (*quoting C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)). That doctrine is intended to protect litigants and the court from vexatious and poorly drafted claims, and to ensure that litigants'

rights are advanced by individuals bound by duties of competence and professional ethics. *Collinsgru v. Palmyra Board of Education*, 161 F.3d 225, 231 (3rd Cir. 1998).

■ D.K. and his parents make two arguments in support of their ability to proceed in this action pro se. First, they argue that the IDEA should be held to contain an exception to the common-law doctrine against pro se representation of another. Second, they argue that parents are entitled to enforce their own claims under the IDEA because the IDEA concerns their children's education, in which parents necessarily are involved and for which parents must pay absent provision by the school system. This theory posits that the IDEA confers on parents a substantive right to a FAPE for their children, and entitles them to enforce that right in federal court. As explained below, the Court finds Plaintiffs' second argument dispositive, and finds in their favor on that theory.

The Ninth Circuit has yet to address the issue whether parents may sue in federal court under the IDEA for judicial review of "substantive" state administrative decisions—*i.e.* decisions regarding the provision of FAPE, as opposed to decisions regarding complaints for denial of procedural rights. Other circuits have reached conflicting conclusions. In *Collinsgru*, the Third Circuit held that the IDEA does not permit parents to appeal substantive administrative decisions to federal court on their own behalf, because the IDEA does

---

1. 20 U.S.C. § 1415(i)(2)(A) provides:

   Any party aggrieved by the findings and decision made [in a due process hearing regarding the child's identification, evaluation, or placement, or the provision of free appropriate public education to the child] ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

2. 28 U.S.C. § 1654 provides:

   In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

not grant parents a private cause of action to enforce substantive rights. *Collinsgru,* 161 F.3d at 233. The Third Circuit reasoned that the only rights parents possess under the IDEA are procedural, such as the right to represent their children in administrative due process hearings before state or local agencies. *Id.* at 233; 20 U.S.C. § 1415(h)(2); 34 C.F.R. 303.422(b)(2). The Third Circuit then stated that the IDEA's provision allowing any "party aggrieved" to appeal an administrative decision to federal court did not expressly grant parents a right of action, and that courts should not imply causes of action into statutes absent a clear expression of Congressional intent. *Id.* at 233. After scrutinizing the IDEA's language and legislative history, and finding them ambiguous, the Third Circuit concluded that "Congress did not clearly intend to create joint rights in parents under the IDEA." *Id.* at 236.

The opposite conclusion was reached in *Maroni v. Pemi–Baker Regional School District,* 346 F.3d 247 (1st Cir.2003). In that case, the First Circuit noted that two circuits, including the Third Circuit, had held that the IDEA granted parents the right to sue pro se for procedural violations, and that several courts had permitted parents to sue pro se under the IDEA's predecessor statute, the Education for All Handicapped Children Act ("EHA"). *Maroni,* 346 F.3d at 250. The First Circuit then held that a parent is a "party aggrieved" within the meaning of the IDEA's right-to-sue provision, 20 U.S.C. § 1415(i)(2)(A), because the IDEA enables parents to seek due process hearings and makes them parties who are "aggrieved" by adverse decisions rendered in those hearings. *Id.* at 251. The First Circuit also noted that it previously had treated parents as "parties aggrieved" for purposes of the IDEA's provision allowing for appeals of local administrative decisions to the state level, 20 U.S.C.

§ 1415(g), and reasoned that "[i]f parents are 'parties aggrieved' by due process hearings when seeking to appeal to a state administrative agency, then, logically, they are also parties aggrieved by due process hearings when seeking judicial review." *Id.* at 252 (*citing Frazier v. Fairhaven Sch. Comm.,* 276 F.3d 52, 59 (1st Cir. 2002)). In addition, the First Circuit pointed out that a prerequisite to suit under the IDEA in federal court is that an "aggrieved party" must first exhaust administrative remedies, and that it was parents who were entitled to invoke those remedies under the statute. *Id.* ("It would make little sense if the parents who are explicitly permitted to invoke those administrative remedies and to exhaust them could not be parties for purposes of bringing suit.").

The First Circuit further held that parents' rights under the IDEA were not merely procedural. First, it said, the IDEA's "part[ies] aggrieved" provision did not distinguish between procedural and substantive claims. *Id.* at 253. Moreover, the First Circuit stated, whether a party is "aggrieved" by an administrative decision typically depends on whether they have Article III standing to seek review. *Id.* Parents whose children are denied a FAPE have such standing because they stand to suffer the injury-in-fact of either paying for their children's education or risking that their children will receive substandard education, they fall within the IDEA's "zone of interest," and their claimed harm is not a generalized grievance. *Id.* at 254. In addition, the First Circuit stated, the IDEA's provisions allowing parents to participate in due process hearings do not differentiate between parents' ability to pursue substantive or procedural claims, nor do the IDEA's attorneys' fee provisions. *Id.* at 255. Finally, the First Circuit stated that "procedural and substantive rights under the IDEA are inextricably intertwined," and pointed

out that the Supreme Court and lower courts have characterized the IDEA as guaranteeing substantive rights through grants of procedural rights. *Id.* The First Circuit held that to include parents in the "part[ies]s aggrieved" category would comport with the IDEA's statutory scheme, in which parents play a "central role ... in assuring that their disabled child receives a free appropriate public education," and the Congressional intent "that parents will act as advocates for their children at every stage of the administrative process." *Id.* at 256. To prevent pro se IDEA claims by parents, the First Circuit held, would contravene Congress' intent to provide "children with special needs their day in court," *Id.* at 257, and would allow school districts to avoid state court rules allowing pro se representation of children by parents by removing IDEA claims to federal court. *Id.* Consequently, the First Circuit concluded, parents were "parties aggrieved" within the meaning of 20 U.S.C. § 1415(i)(2)(A), and could bring suit in federal court to assert their own procedural and substantive rights under the statute.

The Court has found only one published appellate case since *Maroni* addressing whether parents are "parties aggrieved" with substantive rights under the IDEA: *Cavanaugh v. Cardinal Local District,* 409 F.3d 753 (6th Cir.2005). There, the Sixth Circuit stated that "the intended beneficiary of the IDEA is not the parents of the individual with a disability, but the disabled individual." *Id.* at 757. The Sixth Circuit stated that the only rights the IDEA granted to parents were procedural: the right to participate in meetings to evaluate the child's performance, to receive prior notice of proposed changes in the child's IEP, and the right to participate in due process hearings. *Cavanaugh,* 409 F.3d at 757.

The Court is persuaded by the well-reasoned holding in *Maroni,* and rejects the reasoning of *Collinsgru* and *Cavanaugh.* As the First Circuit held in *Maroni, Collinsgru* is incorrect that any cause of action by parents under the IDEA would be "implied:" the IDEA expressly provides a private right of action to any "party aggrieved by the findings and decision made" in a due process hearing at the local or state level. 20 U.S.C. § 1415(i)(2)(A). The question thus is not whether to imply a private right of action but whether parents are "part[ies] aggrieved," entitled to appeal administrative decisions regarding the provision of FAPE. *See Maroni,* 346 F.3d at 255 n. 7. Indeed, the Ninth Circuit has stated that parents are such "part[ies] aggrieved." *Lucht v. Molalla River School Dist.,* 225 F.3d 1023, 1026 ("The parent of a disabled child has the right to appeal the final decision of the administrative agency to the district court [pursuant to] 20 U.S.C. § 1415(g) and (i).").

The Court also rejects *Cavanaugh's* finding that the IDEA confers substantive rights only on children. The IDEA's congressional statements and declarations provide that "[t]he purposes of this chapter are ... to ensure that children with disabilities have available to them a free appropriate public education that emphasizes special education and related services ... [and] to ensure that the rights of children with disabilities *and parents of such children* are protected." 20 U.S.C. § 1400(d) (emphasis added). That Congress mentioned the provision of education to children in a separate clause from the protection of "the rights of children ... and parents" suggests that whether a party has substantive rights under the IDEA does not depend on whether that party actually is the intended recipient of the education. Moreover, the IDEA gives parents the right to help craft the substance of their children's education through their involvement in the IEP pro-

cess, 20 U.S.C. § 1415(b)(1); *Bd. of Educ. v. Rowley,* 458 U.S. 176, 182, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)("The IEP ... is prepared at a meeting between a qualified representative of the local educational agency, the child's teacher, [and] the child's parent or guardian."), and to challenge substantive as well as procedural decisions in administrative hearings. 20 U.S.C. § 1415(b)(6) (states must provide parents the opportunity to present complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."). The Supreme Court has stated that Congress intended the IDEA's procedures for parental participation to be a method of ensuring compliance with the IDEA's substantive requirements. *Rowley,* 458 U.S. at 206, 102 S.Ct. 3034 ("We think that the Congressional emphasis upon full participation of concerned parents throughout the development of the IEP ... demonstrates the legislative conviction that adequate compliance with the procedures prescribed would in most cases assure much if not all of what Congress wished in the way of substantive content in an IEP.") It would be incongruous to hold that, although Congress allowed parents to help create the substance of their children's IEPs, and challenge the adequacy of those IEPs in administrative hearings, parents were not "parties aggrieved" by adverse decisions rendered in those hearings.

The IDEA's language also indicates that parents are "parties aggrieved," entitled to sue in federal court. The statute's attorneys' fee provision, § 1415(i)(3)(B), states that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney' fees ... to a *prevailing party who is the parent* of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(I) (emphasis added). The section further provides that the court may award attorneys' fees to a state or local educational agency "*against the attorney of a parent* " who files frivolous or unreasonable claims. 20 U.S.C. § 1415(i)(3)(B)(II)-(III) (emphasis added.) The statute also states that attorneys' fees may not be awarded for services performed after a *parent* rejects a settlement offer, if the "*relief finally obtained by the parents* is not more favorable *to the parents* than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(I) (emphasis added). Attorneys' fees may, however, be awarded "*to a parent who is the prevailing party* and who was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E) (emphasis added). *See also Lucht,* 225 F.3d at 1026 ("When a parent obtains affirmative relief in a proceeding brought under the IDEA, then the parent is 'the prevailing party.' "). The statutory language regarding attorneys' fees, and decisions construing the IDEA's language, indicate that parents are "part[ies] aggrieved" entitled to judicial review of administrative decisions.[3]

**3.** In *Collinsgru,* the Third Circuit rejected the plaintiffs' argument that the IDEA's attorneys' fees provisions showed that "an IDEA suit is the parents' own case for 28 U.S.C. § 1654 pro se representation purposes," because "it is just as logical to read this language simply as a reference to the procedural cases in which parents clearly have standing as parties." *Collinsgru,* 161 F.3d at 234. However, the more logical reading of Section 1415(i)(3) is that it applies to appeals of decisions rendered in administrative hearings on substan-

tive as well as procedural issues: Section 1415(i)(3)(B) makes clear that the attorneys' fees provisions apply "[i]n any action or proceeding brought under this section," *i.e.* Section 1415. 20 U.S.C. § 1415(i)(3)(B)(i). The "action[s] or proceeding[s]" provided for in Section 1415 include due process hearings regarding the substantive provision of FAPE, 20 U.S.C. §§ 1415(f)(1)(A) (parents have the right to a due process hearing regarding complaints they file under subsection (b)(6));

### III. Conclusion

For the reasons set forth in *Maroni,* the Court holds that parents of disabled children are "parties aggrieved" within the scope of 20 U.S.C. § 1415(i)(2)(A), entitled to seek review pro se in federal court of substantive rulings by state educational agencies. Consequently, the District's motion to dismiss Plaintiffs' Complaint is DE-NIED.

1415(b)(6)(A) (parents may file complaints regarding the provision of FAPE to their children), as well as appeals from decisions rendered in those hearings. 20 U.S.C. § 1415(i)(2)(A) (any "party aggrieved" by a decision made under subsection (f) may bring a civil action with respect to the complaint presented "pursuant to this section."). Thus, the attorneys' fees provisions refer to parents as "parties" to all actions under Section 1415, which includes actions regarding the substantive adequacy of special education services provided to children.