OPINION
{¶ 1} The issue this appeal presents is whether a duly-appointed personal representative of an incompetent person in whose name a civil action was previously commenced may either (1) act as the ward's legal representative in the action or (2) prosecute the action pro se in place of the ward without having appeared as a party plaintiff in the action. We conclude that neither avenue is available to a personal representative and, accordingly, we will affirm the judgment from which this appeal was taken.
 {¶ 2} The underlying action was commenced on July 10, 2003, by Kenneth Brown, pro se, in his own name at "3940 Olmstead, Los Angeles, CA" and on behalf of "Kenneth Brown c/o Pauline Clay, 600 West 9th Street, Suite 511, Los Angeles, CA 90015-4314." The complaint set out ten separate claims for relief, all of which allegedly arose out of legal representation that Defendants, Michael Wright and Nathan Lampley, Jr., and their respective law firms, had agreed to provide for Brown relating to his claims for personal injuries.
 {¶ 3} Responsive pleadings were filed by the Defendants, and they also moved for summary judgment pursuant to Civ.R. 56. The court scheduled a status conference by telephone. When the conference was called, Pauline Clay spoke on Brown's behalf. Clay told the court that Brown is incompetent and that she, as his personal representative, would act in Brown's name, place, and stead, pro se. The court instructed Clay to obtain an attorney to represent Brown. Instead, Clay filed a memorandum contra the Defendant's motion for summary judgment on Brown's behalf as well as a motion for summary judgment on behalf of Brown. In support of her contentions, Clay stated that she had been appointed conservator for Brown by the Los Angeles California Superior Court. Clay attached copies of her letters of appointment.
 {¶ 4} On April 1, 2004, pursuant to Civ.R. 41(B)(1), the court notified Brown in writing of its intention to dismiss his complaint, without prejudice, if Brown did not proceed to defend against the motion for summary judgment Defendants had filed, by or through a licensed attorney appearing on Brown's behalf. The court noted that Pauline Clay is not an attorney, and that any status conferred on her by law to act as Brown's personal representative creates no authority in Clay to act as Brown's attorney in the action. The court also noted that Clay had not moved to intervene as a party plaintiff to appear on Brown's behalf as his personal representative.
 {¶ 5} Nothing further was filed in response to the court's notice. On May 3, 2004, the court found that Brown had failed to satisfy the requirements of its notice and it dismissed Brown's complaint, without prejudice, pursuant to Civ.R. 41(B)(1) for failure to prosecute. With respect to the copies of her letters of appointment Pauline Clay filed, the court specifically found that the term of her appointment had lapsed.
 {¶ 6} On May 14, and 20, 2004, Frank Todaro, an attorney licensed to practice in Ohio, filed motions on behalf of Brown asking the court to admit Attorney David Kyle of California to appear Pro Hac Vice as attorney for Brown in the action. A form of Civ.R. 60(B) motion to vacate the court's May 3, 2004 order of dismissal signed by Attorney Kyle was submitted with the motion. The court had not ruled on those matters when, on June 6, 2004, a notice of appeal from the trial court's May 3, 2004 dismissal order was filed by Brown and by Clay on Brown's behalf.
 {¶ 7} We granted Pauline Clay's request to appear in this appeal, and we appointed her Brown's guardian ad litem for that limited purpose. Clay's appointment terminates upon our judgment in this appeal.
 {¶ 8} Plaintiff-Appellant presents five assignments of error. The paramount issue, on which all five assignments turn, directly or indirectly, is whether the trial court erred when it held that Pauline Clay could not either act as Brown's legal representative or appear as his personal representative acting pro se.
 {¶ 9} Civ.R. 17(A) states, in pertinent part: {¶ 10} "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought."
 {¶ 11} A real party in interest is the person who, by substantive law, possesses the right to be enforced. On the claims for relief which the underlying action sets out, that person is Kenneth Brown, and the action was commenced by Brown in his name. That Brown was then incompetent does not alter the fact that the action was thus commenced.
 {¶ 12} Pauline Clay is not a real party in interest vis-a-vis the claims which Brown's complaint sets out. Clay's identification in the caption of the complaint merely denominates her address as a place where Kenneth Brown may be found. It does not satisfy the further, express requirement of Civ.R. 17(A) that notice of her capacity to sue on behalf of Brown in her representative capacity, as his conservator, be pleaded in plain and direct terms. Absent such notice, any judgment procured may not be final, or may lack its proper res judicata effect, and could expose the defender to multiple lawsuits. See Klein/Darling, Baldwin's Ohio Civil Practice (2d. Ed.), Section 17:3.
 {¶ 13} Had Pauline Clay commenced the action in her name as Brown's conservator, Clay would have been entitled to prosecute the claims for relief pro se, though we do not endorse the wisdom of such a course. However, not having appeared in the matter as Civ.R. 17(A) requires when it was commenced, Clay is not entitled to prosecute the action at all because she is not a party. Clay could have subsequently moved to intervene as Brown's personal representative pursuant to Civ.R. 24(A), but she failed to make any such application, and the court was not required to construe the affidavits which Clay filed to be a motion to intervene. Therefore, because Clay was not a proper party to the action, she could not appear pro se, either for herself or on behalf of Brown.
 {¶ 14} Neither could Clay appear as Brown's attorney or legal representative. R.C. 4795.01 states, in pertinent part: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by suing or subscribing the persons own . . . name, unless the person has been admitted to the bar . . ."
 {¶ 15} It is undisputed that Clay has not been admitted to the practice of law in Ohio. Therefore, Clay may not appear in the underlying action as Brown's attorney, Clay's appointment as Brown's conservator notwithstanding.
 {¶ 16} Clay presents several additional contentions; that the trial court erred when it failed to rule on the motion for summary judgment that Clay filed on Brown's behalf, that judgment should have been rendered against Defendants one or more of Brown's claims for relief based on their alleged admissions, and that the court erred when it failed to rule on the motion to admit Attorney Kyle to appear Pro Hac Vice. The first two are rendered moot by the court's order of dismissal without prejudice, which was proper. The third presents an issue which the trial court did not rule on, and could not determine after the notice of appeal was filed, terminating the court's jurisdiction to vacate its prior order while this appeal is pending. State ex rel. Special Prosecutors v. Judges (1978),55 Ohio St.2d 94. Therefore, no error is portrayed by the trial court's failure to rule on those motions.
 {¶ 17} The assignments of error are overruled. The judgment from which the appeal was taken will be affirmed.
Wolff, J. and Donovan, J., concur.