{¶ 67} While I concur that this matter must be reversed and remanded, I do so upon narrower grounds than the majority. The majority finds that a county board of *Page 14 
mental retardation and developmental disabilities does not have either an express grant of authority to file a motion to remove a guardian under R.C. 5126.05(A) or implied grant of authority to file such a motion. I believe the focus of the standing analysis should instead be on the rights and remedies provided to the various concerned individuals and entities in guardianship matters in R.C. Chapters 2109 and 2111.
 {¶ 68} The analysis employed by the Supreme Court of Ohio in its recent decision In Re Guardianship of Santrucek, 2008-Ohio-4915, while used to determine who has standing to appeal a decision of a probate court in a guardianship proceeding, is cogent to the analysis we undertake in this case.
 {¶ 69} In Santrucek, the court held that "[a] person who has not filed an application to be appointed a guardian, or who otherwise has not been made a party to the guardianship proceedings, has no standing to appeal." Id. at syllabus.
 {¶ 70} The court began its analysis with the observation that "[b]ecause guardianship proceedings are not adversarial, but are in rem proceedings involving only the probate court and the ward, the requirements for standing to appeal are more elaborate. See In reGuardianship of Love (1969), 19 Ohio St.2d 111." Id. at ¶ 5 (parallel citations omitted). The same may be said as to the requirements for standing of interested persons or interested parties in a guardianship proceeding, be it either the establishment or the termination of a guardianship for an incompetent.
 {¶ 71} The court in Santrucek found that the out-of-state daughter of the prospective ward clearly had an interest in the outcome of the guardianship proceedings. But although the daughter filed a motion challenging the subject matter jurisdiction of the Ohio probate court, she did not file a Civ. R. 24 motion to intervene. *Page 15 
 {¶ 72} The court noted, as is applicable to this case, that "nonparties are limited in the types of motions they may file." Id. at ¶ 9. The court explained that "[t]he creation of a guardianship is a significant event, and family, friends, or even concerned neighbors could all potentially be affected by the outcome of a guardianship proceeding. Not all such persons will have a legally sufficient interest to allow them to become parties to the proceedings, however." Id. at ¶ 11.
 {¶ 73} The pivotal questions in this case vis-a-vis the standing question are what was the status of the board at the time it filed its motion to remove and what was the board's legally sufficient interest?
 {¶ 74} Clearly the board cannot meet the definition of "next-of-kin" found in the code section applicable to guardianships, R.C. 2111.01(E), which defines "next-of-kin" to be any person who would be entitled to inherit from the ward. Inasmuch as a guardian for John had already been appointed in an earlier proceeding, the board was not a "guardian", as defined at R.C. 2111.01(A). Although the term "interested party" is not defined in R.C. 2111.01, we find it used throughout those code chapters dealing with guardianships and fiduciaries, but in those applicable code sections we find only twelve limited areas[1] where interested parties may have standing in a guardianship proceeding and only eight of these eight sections actually empower an interested party *Page 16 
to file a motion of any description.[2] Moreover, when R.C. 2109.24, the fiduciary removal statute, refers to "persons having an interest in the estate", it does so only in the final paragraph, and our court has held that this last paragraph applies only to the removal of testamentary trustees. In re Estate of Veroni (Dec. 31, 1998), 11th Dist. No. 97-L-119, 1998 Ohio App. Lexis 6365, *16.
 {¶ 75} While the board clearly was not a party to this case at the time it filed the ex parte motion to remove the Spanglers as John's guardians, it may be reasonably argued that the board was an "interested party" at the time the ex parte motion to remove was filed. As an arguably interested party though, the board was limited in what it could file, as noted above.
 {¶ 76} It is also clear that the board was later joined as a party upon the motion of the temporary guardian, APSI. The granting of the joinder motion was not specifically appealed. While I fail to see how APSI or the board for that matter demonstrated any of the grounds for joinder or intervention, i.e. that in its absence complete relief could not be accorded among those already parties, or that the board claimed an interest relating to the subject of the action and was so situated that the disposition of the action in its absence may either impair or impede its ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the board's claimed interest; any failure to assign this as error is not fatal. *Page 17 
 {¶ 77} As the majority in Santrucek noted, "intervenors have standing only to the extent necessary to protect the interest that justifies the intervention. This restriction on standing is particularly relevant in the context of an in rem guardianship proceedings, which, at its basic level, involves the court and the ward * * * and inherently limits anyinterest or standing of a third party. * * *" (Emphasis added.) Id. at ¶ 12.
 {¶ 78} The board had a statutory remedy in this case, R.C. 5126.33, which authorizes the board to file a complaint in the probate court for an order authorizing the board to arrange appropriate services for the disabled individual. This statutory procedure even allows for an ex parte order. The interest of the board in assuring that services are provided to a disabled adult even when consent cannot be obtained are protected by this complaint procedure. But instead of using a scalpel to cure the perceived problems in assuring John received services, the board used an ax, and that ax is not a part of the board's armament under our probate code.
 {¶ 79} I do agree with the majority that the trial court's determination that the board had standing as a next friend and real party in interest based upon statutorily imposed obligations "on the agency owed to John Spangler that are fiduciary in nature" is not well-grounded in law. The trial court did tacitly acknowledge that such an argument has yet to be accepted on its merits by any court in this state.
 {¶ 80} As explained in the Staff Notes to Civ. R. 17, "[t]he real party in interest principle does not refer to `capacity to sue.' Assume that a minor is negligently injured. The minor is a real party in interest, but he does not have the capacity to sue. The minor sues under Rule 17(B) by his next friend, an adult, who does have the capacity to sue." *Page 18 
 {¶ 81} In John Spangler's case, John was and remains even as an incompetent the real party in interest because "[a] real party in interest is the person who, by substantive law, possesses the right to be enforced." Brown v. Wright, 2d Dist. No. 20560, 2006-Ohio-38, at ¶ 11. John had duly appointed guardians, and if a conflict arose between the ward's interests and those of his guardian, the court could have appointed a guardian ad litem pursuant to Civ. R. 17(B) and Civ. R. 73.
 {¶ 82} I agree with the majority that the board failed to establish its standing as a real party in interest.
[1] R.C. 2111.02 (seek a guardianship); R.C. 2111.13 (object to medical treatment); R.C. 2111.141 (entitled to notice of hearing on report of investigator); R.C. 2111.471 (file a motion to transfer jurisdiction); R.C. 2111.49 (request a hearing on the continuation of a guardianship); R.C. 2109.33 (file a motion taking exception to an accounting); R.C. 2109.36 (file a motion relative to distribution of assets); R.C. 2109.59 (file a petition to enforce payment or distribution); R.C. 2101.38 (file a motion when the probate judge is interested); R.C. 2109.04 (file a motion to require a bond); R.C. 2109.35 (file a motion to vacate order settling account); and R.C. 2127.19 (file an application to release the liens in a land sale).
[2] R.C. 2111.471 (file a motion to transfer jurisdiction); R.C. 2111.49 (request a hearing on the continuation of a guardianship); R.C. 2109.33 (file a motion taking exception to an accounting); R.C. 2109.36
(file a motion relative to distribution of assets); R.C. 2101.38 (file a motion when the probate judge is interested); R.C. 2109.04 (file a motion to require a bond); R.C. 2109.35 (file a motion to vacate order settling account); and R.C. 2127.19 (file an application to release the liens in a land sale).