# ENTRY ORDER

2023 VT 58

SUPREME COURT DOCKET NO. 23-AP-309

OCTOBER TERM, 2023

| | | |
|---|---|---|
| Estate of Robert Snelgrove | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orleans Unit |
| | } | Civil Division |
| | } | |
| Herman LeBlanc | } | CASE NO. 161-7-17-Oscv |

Trial Judge: Daniel Richardson

In the above-entitled cause, the Clerk will enter:

¶ 1.     Plaintiff moves to dismiss the above-captioned appeal filed by defendant's guardian as invalidly filed, arguing that a non-attorney guardian cannot represent a ward "pro se."  We agree that defendant's guardian cannot represent him in court without an attorney, and therefore order him to obtain counsel within sixty days or face dismissal of the appeal.

¶ 2.     Plaintiff Robert Snelgrove filed this civil action for trespass and unlawful mischief against defendant Herman LeBlanc in 2017 after defendant inflicted substantial damage to plaintiff's boathouse.  In 2019, in a separate proceeding, the probate court granted defendant's request to have his son David LeBlanc (referred to herein as "LeBlanc") appointed to be defendant's voluntary guardian with general and litigation powers.  Plaintiff died in 2021 and his estate was eventually opened and substituted as the party plaintiff in the case.  In August 2023, the trial court granted the estate's unopposed motion for summary judgment.  LeBlanc, who is not an attorney, then filed a pro se notice of appeal on behalf of defendant.

¶ 3.     Plaintiff now asks the Court to either dismiss the appeal or order LeBlanc to hire an attorney.  Plaintiff argues that a guardian may not act in a pro se capacity on behalf of an incompetent person without retaining the services of a licensed attorney.  LeBlanc responds that he spent two years trying to hire an attorney but numerous attorneys declined to represent his father and that his father will likely be unable to pursue an appeal if LeBlanc is not allowed to represent him.

¶ 4.     Whether a guardian can act pro se on behalf of a ward is a matter of first impression for this Court.  The relevant probate order states that LeBlanc was appointed guardian of defendant with "[t]he power to obtain legal advice and to commence or defend against court actions in the name of the person under guardianship."  14 V.S.A. § 3069(c)(6).  Vermont Rule of Civil Procedure 17(b) states that "[w]henever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person."

¶ 5.    Neither § 3069(c)(6) nor Rule 17(b) expressly authorizes a guardian to act pro se on behalf of a ward, and we conclude that interpreting the statute and rule to allow such action would conflict with this Court's authority to regulate the practice of law.  See Vt. Const. ch. II, § 30 (providing that Supreme Court has "disciplinary authority concerning all . . . attorneys at law in the State"); 4 V.S.A. § 901 ("Justices of the Supreme Court shall make, adopt, and publish and may alter or amend rules regulating the admission of attorneys to the practice of law before the courts of the State.").  This Court's rules prohibit the practice of law without a license.  See A.O. 41, § 1 ("Unless otherwise authorized by Rule 5.5 of the Vermont Rules of Professional Conduct, the practice of law without a license is prohibited and may be punished as contempt.").  The reason for the rule is primarily to protect the public because lay persons are not bound by the ethical obligations of attorneys and are not subject to the disciplinary control of the courts.  See Vt. Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp., 159 Vt. 454, 455-56, 621 A.2d 225, 227 (1992) (explaining why non-attorneys generally may not represent organizations).  The practice of law "includes all advice to clients, and all actions taken for them in matters connected with the law."  In re Morales, 2016 VT 85, ¶ 11, 202 Vt. 549, 151 A.3d 333 (quotation omitted).  We conclude that a non-attorney guardian may not represent a ward in court proceedings without an attorney because it would violate the prohibition against the unauthorized practice of law and possibly lead to abuse.

¶ 6.    Our decision is consistent with the majority of jurisdictions that have considered this type of issue.  Particularly pertinent is In re Marriage of Kanefsky, in which the Colorado Court of Appeals held that a woman's conservators, who held the power to "prosecute or defend actions, claims, or proceedings" to defend her assets but were not licensed attorneys, could not file a pro se appeal on her behalf.  260 P.3d 327, 329-330 (Colo. App. 2010).  The court explained "that a nonlawyer conservator or guardian in Colorado is a statutory legal representative only, the same as a representative payee, a trustee or custodian of a trust or custodianship, or an agent designated under a power of attorney."  Id. at 330.  Accordingly, the statutory powers granted to conservators or guardians did not establish an exception to Colorado's statute prohibiting the unauthorized practice of law, even if the conservator or guardian was suing or defending for a person under Colorado's version of Civil Rule 17.  Id.

¶ 7.    Other courts have reached similar conclusions.  See Luck v. Rohel, 518 P.3d 350, 355 (Idaho 2022) (holding that non-attorney guardian could not act in a pro se capacity for ward under Idaho's version of Civil Rule 17); Brown v. Wright, 2006-Ohio-38, ¶¶ 13-14, 2006 WL 38267 (Ct. App.) (concluding that plaintiff's non-attorney conservator could not prosecute his claims pro se).  For similar reasons, most courts have concluded that a parent cannot represent a child pro se.  See, e.g., Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); D.K. ex rel. Kumetz-Coleman v. Huntington Beach Union High Sch. Dist., 428 F. Supp. 2d 1088, 1090 (C.D. Cal. 2006) ("A guardian ad litem, however, may not represent a minor without retaining a lawyer. This rule is based on the common-law doctrine that a non-lawyer has no authority to appear as an attorney for others than himself." (quotation and citation omitted)); Chisholm v. Rueckhaus, 1997-NMCA-112, ¶ 6, 948 P.2d 707 (N.M. Ct. App.) ("We join an overwhelming majority of jurisdictions and hold that a non-attorney parent must be represented by counsel in bringing an action on behalf of a child.").

¶ 8.    LeBlanc argues that he should be allowed to represent his father for the reasons identified in In re Morales, our most recent case discussing the unauthorized practice of law.  We

need not reach the question of whether there may be narrow exceptions to the lawyer-representation rule because this case does not present that situation. This case does not involve any of the compelling factors of <u>Morales</u>. In <u>Morales</u>, this Court dismissed a contempt action filed against an inmate in a Vermont prison who was alleged to have engaged in the unauthorized practice of law by helping fellow inmates with their cases through legal research and drafting motions. 2016 VT 85, ¶ 30. The inmate's actions were limited to drafting and research assistance and she did not attempt to represent other inmates in court. We concluded that "jailhouse lawyers" were a longstanding fixture in the State's justice system and that incarcerated individuals faced particular challenges accessing legal advice, and that for these reasons, there was not probable cause to charge the defendant with criminal contempt for unauthorized practice of law. <u>Id</u>. ¶¶ 19-25. We explicitly stated that we were not deciding "whether an individual who is not incarcerated may be charged with the unauthorized practice of law for providing similar unpaid legal assistance. Our holding today applies only to legal services provided between inmates in a correctional facility." <u>Id</u>. ¶ 27 (emphasis omitted). <u>Morales</u> is explicitly limited to the unique circumstances faced by incarcerated individuals, and we do not find it to be applicable here. Here, LeBlanc is seeking to represent his father in court, not just provide assistance; neither LeBlanc nor defendant are incarcerated; and the record shows that defendant is not indigent and has been able to secure counsel in the past.

¶ 9. We therefore conclude that LeBlanc cannot represent defendant in court proceedings pro se. The appeal is stayed for sixty days to allow LeBlanc, in his capacity as guardian, to obtain an attorney. If an attorney does not enter an appearance for defendant within that time, the appeal will be dismissed without further notice.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice