Vermont Superior Court
Filed 01/08/25
Washington Unit

**VERMONT SUPERIOR COURT**
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



**CIVIL DIVISION**
Case No. 24-CV-04273

---

Juliet Stephens v. Shannon Gilmour et al

---

### Opinion and Order on
### Ms. Gilmour's Motion for Joinder;
### Ms. Stephens' Motion to Dismiss Counterclaims;
### Ms. Stephens' Motion for Judgment on the Pleadings; and
### Ms. Stephens' Motion to Strike and to Order Sanctions

This is a residential landlord–tenant case in which Plaintiff–Landlord Juliet Stephens is seeking to evict Defendants Shannon Gilmour and her minor daughter, M.G., from the home that Ms. Stephens owns and where all three reside in shared living space. It is apparent that Ms. Stephens and Ms. Gilmour had a falling out after an initial written one-year lease expired, and Defendants have remained in possession notwithstanding a notice to vacate, leading to this case. Ms. Gilmour represents herself in this case and appears on behalf of M.G. as M.G.'s parent/next friend. M.G. is *not* represented by counsel. In response to the complaint, both Ms. Gilmour and M.G. purported to file counterclaims against Ms. Stephens styled as (1) breach of the implied warranty of habitability, (2) breach of the warranty of habitability, (3) retaliatory eviction, (4) & (5) two counts of intentional infliction of emotional distress (IIED), (6) defamation, and (7) abuse of process.

Ms. Gilmour then filed a "motion for joinder" on behalf of herself only. In that filing, she appears to characterize three of her counterclaims as involving litigation conduct of the two attorneys representing Ms. Stephens in this case, Attorneys Claudine

Order
24-CV-04273 Juliet Stephens v. Shannon Gilmour et al

Page **1** of **10**

Safar and Miles Stafford, and proposes that the Court declare that their joinder is needed for the just adjudication of this case under Vt. R. Civ. P. 19 (joinder of persons needed for just adjudication).

Ms. Stephens then filed a motion to dismiss Ms. Gilmour's counterclaims for failure to state a claim, a motion for judgment on the pleadings seeking to establish her immediate entitlement to writ of possession, and a Vt. R. Civ. P. 12(f) motion to strike certain materials from the pleadings and a motion.[1]

I.      Analysis

A.      M.G.'s Unrepresented Status

As a preliminary matter, the Court calls attention to M.G.'s status as a minor without legal counsel.    A minor child is an "infant" who lacks capacity to sue or be sued except through a competent representative. Vt. R. Civ. P. 17(b).  In this case, Ms. Gilmour is acting as such a representative for M.G., which cures M.G.'s lack of capacity.

However, Ms. Gilmour, acting *pro se*, has also purported to file on M.G.'s behalf an answer and a series of counterclaims.  In other words, she is serving not merely as next friend to M.G. but she is litigating for her in a *pro se* capacity.  But the non-attorney representative of a party cannot act in a *pro se* capacity for that party—a licensed attorney must be retained; otherwise, the non-attorney is practicing law without a license. *See Est. of Snelgrove v. LeBlanc*, 2023 VT 58, ¶¶ 6–7.  As one Court explained:

> "[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see also McFarlane v. Roberta*, 891 F. Supp. 2d 275, 283 (D. Ct. 2012) (same); *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) ("We . . . join the vast majority of our sister circuits in holding that non-attorney parents generally may not

---

[1] Ms. Stephens did not also file a motion to dismiss M.G.'s identical counterclaims.

litigate the claims of their minor children in federal court."). As the Second Circuit noted, "[i]t goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id.* "[A] non-attorney is not allowed to represent another individual . . . without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

*Kisonak v. Snyder*, No. 835-8-15 Cncv, slip op. at 2 (Vt. Super. Ct. Feb. 2, 2016) (Toor, J.). Ms. Gilmour is not a licensed attorney. *See* https://www.vermontjudiciary.org/sites/ default/files/documents/AttorneyGoodStanding_40.pdf. She may not provide legal representation or act *pro se* for M.G. in this case.

Accordingly, Ms. Gilmour shall obtain counsel for M.G. or show cause as to why M.G.'s counterclaims should not be dismissed within 30 days.

Separately, however, the Court lacks clarity as to why M.G. needs to be a formal party to this case at all. While M.G. plainly lives at the residence, it would appear, at first blush, that her claim to the tenancy is derivative of her mother's. If it is determined that Ms. Stephens is entitled to a writ of possession, there appears no obvious risk that M.G. would somehow seek to retain possession as an individual, nevertheless. It is, thus, not plain to the Court that she is necessary to afford complete relief in this case.

While there may be no express legal prohibition against naming all those living at a dwelling in an eviction case, Ms. Stephens cites no authority of any consequence for requiring that M.G. be a party to this case and has identified no clear need for her presence. She cites in support only one Vermont Supreme Court case for this proposition: "Vermont courts have held that children are subject to eviction proceedings." Ms. Stephens' Motion to Dismiss Counterclaims at 12 (filed December 6, 2024) (*citing*

*Craddock v. Heffermehl*, No. 2018-126, 2018 WL 5785456, at *4 (Vt. Nov. 2, 2018) (unpub. mem.).

*Heffermehl,* though, is an unpublished entry order and by definition has no precedential value. *See* V.R.A.P. 33.1(d)(1). Additionally, on the one hand, *Heffermehl* merely affirmed the trial court's ruling that Mr. Heffermehl's children had the status of minor occupants in the parent's household and could be evicted with their parent. On the other, it did entertain independent appeals from the children and considered whether they had independent standing to resist the writ of possession.

*Heffermehl* provides no express basis for requiring that M.G. remain a formal party in this case–even if originally named in good faith as tenant at the residence. It arguably suggests that a minor might be named in such a suit but also indicates they are not typically needed to afford full relief. Accordingly, Ms. Stephens shall show cause as to why her claims against M.G. should not be dismissed within 30 days.[2]

### B. Ms. Gilmour's Motion for Joinder

The Court declines to rule that opposing counsel, Attorneys Safar and Stafford, are missing persons needed for the just adjudication of this case on the narrow procedural vehicle provided by Rule 19. Rule 19(a) states: "A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded *among those already parties*, or (2) *the person claims an interest* relating to the subject of the action and is so situated that the disposition of the action in

---

[2] Alternatively, the parties could simply agree to withdraw all claims asserted by and against M.G. and dismiss her from this case. That would permit all to focus on the viable claims remaining after this ruling.

the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest." Vt. R. Civ. P. 19(a) (emphasis added).

Attorneys Safar and Stafford are not parties to this case, and they are irrelevant to complete relief "among those already parties." Moreover, they assert no interests of their own that would in any way be prejudiced by a judgment in this case.

This motion is denied.

### C.    Ms. Stephens' Motion to Dismiss Counterclaims

Ms. Stephens asks the Court to dismiss all counterclaims asserted by Ms. Gilmour for failure to state a claim. As noted, *see supra* n.1 at 2, M.G.'s counterclaims are not now at issue.

A motion to dismiss for failure to state a claim faces a high bar. The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309, 316–17 (citations omitted); *see also* 5B A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1357 (4th ed.)

("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

Ms. Gilmour's retaliatory eviction and breaches of the warranty of habitability claims (Counts 1–3) are sparsely pled, but they are stated sufficiently for Vt. R. Civ. P. 8 purposes.

The two IIED claims (Count 4–5) do not survive the Rule 12(b)(6) standard. To survive dismissal of an IIED claim, a plaintiff must allege: "(1) conduct that is extreme and outrageous; (2) conduct that is intentional or reckless; and (3) conduct that causes severe emotional distress." *Baptie v. Bruno*, 2013 VT 117, ¶ 24, 195 Vt. 308, 318. The third Restatement clarifies that extreme and outrageous are separate issues:

> The adjectives "extreme" and "outrageous" are used together in a fashion that might suggest that each merely emphasizes the other, rather than serving a distinct role. However, some conduct that may be outrageous—for example, marital infidelity—is sufficiently common that it could not be characterized as extreme (although today it may also not be outrageous). Similarly, some extreme conduct—climbing Mt. Everest, for example—is not outrageous. Thus, this double limitation, "extreme and outrageous," requires both that the character of the conduct be outrageous and that the conduct be sufficiently unusual to be extreme.

Restatement (Third) of Torts: Phys. & Emot. Harm § 46 cmt. d. To satisfy the outrageousness element, the defendant's behavior must "surpass the bounds of decency that can be tolerated in a civilized society." *Fromson v. State*, 2004 VT 29, ¶ 15, 176 Vt. 395, 399. A plaintiff must also allege that the defendant's actions caused him to suffer "distress so severe that no reasonable person could be expected to endure it." *Baldwin v. Upper Valley Services, Inc.*, 162 Vt. 51, 57 (1994).

The thrust of the first IIED claim is that at some point Ms. Gilmour realized that the house lacked smoke and carbon monoxide detectors. On Ms. Gilmour's complaint,

Ms. Stephens purchased them but did not install them. Ms. Gilmour realized a long time later that they still had not been installed, complained again, and they were installed. She alleges distress at finding out that she had been living without them.

As a matter of law, and without any exacerbating circumstances, these circumstances are insufficient to support an IIED claim. The temporary lack of detectors probably is not outrageous to an IIED standard but it certainly is not so unusual as to be extreme.

The second IIED claim is that M.G. suffered distress by being served process and otherwise being made a participant to this case. The Court declines to address the potential merit of such a claim, as asserted by M.G., here. Any such claim belongs to M.G., not Ms. Gilmour, and M.G. in fact has asserted that claim against Ms. Stephens.

To the extent that Ms. Gilmour alleges that she experienced distress at her daughter being served and included in this suit, the Court is not persuaded that either can amount to IIED as to Ms. Gilmour. M.G. was a tenant at the location. And children may be sued (through a representative) and served process under Vt. R. Civ. P. 4(d)(1)(i), which appears to be what happened here. The manner of service was up to the process server, not Ms. Stephens. However disquieting or upsetting, filing a civil lawsuit—even an allegedly unnecessary—is not both extreme and outrageous as those terms are defined in the IIED context. They happen with some frequency.

Ms. Gilmour's IIED claims are dismissed.

Ms. Gilmore's defamation claim (Count 6) also is dismissed. That claim asserts that M.G.'s inclusion as a party in this case defames M.G., not Ms. Gilmour. Any such claim belongs to M.G. alone.

Ms. Gilmour's abuse of process claim (Count 7) is not dismissed at this time. "In Vermont, a plaintiff alleging the tort of abuse of process is required to plead and prove: '1) an illegal, improper or unauthorized use of a court process; 2) an ulterior motive or an ulterior purpose; and 3) resulting damage to the plaintiff.'" *Wharton v. Tri-State Drilling & Boring*, 2003 VT 19, ¶ 11, 175 Vt. 494, 496. Ms. Gilmour alleges that Ms. Stephens knew that there is no redress she might legitimately be entitled to by suing M.G. and, instead, did it only to produce distress and force Ms. Gilmour voluntarily to vacate the living space or otherwise compromise the defenses and counterclaims she has asserted here. Those allegations are sufficient to survive dismissal under the *Alger* standard.

### D.    Ms. Stephens' Motion for Judgment on the Pleadings

Ms. Stephens claims that the pleadings alone show that she is entitled to judgment and an immediate writ of possession.

As the Vermont Supreme Court has explained, the question posed by a Vt. R. Civ. P. 12(c) motion for judgment on the pleadings, "'is whether, once the pleadings are closed, the movant is entitled to judgment as a matter of law on the basis of the pleadings.' 'For the purposes of [a] motion [for judgment on the pleadings] all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.' 'A defendant may not secure judgment on the pleadings if contained therein are allegations that, if proved, would permit recovery.'" *Island Indus., LLC v. Town of Grand Isle*, 2021 VT 49, ¶ 10, 215 Vt. 162, 169 (citations omitted).

At a minimum, Ms. Gilmour asserts that the parties entered into an oral lease after the written lease expired, that she is in compliance with all terms (including

payment of rent) of that oral lease, and that this case was filed in retaliation for her request for a code inspection. The Court cannot determine such matters based on the pleadings alone. This motion is denied.

E.      Ms. Stephens' Motion to Strike and to Order Sanctions

Ms. Stephens requests that the Court strike from the record allegations appearing in certain of Ms. Gilmour's filings revealing Ms. Stephens' alleged mental health history. Ms. Gilmour asserts that she has not included that information for any improper purpose but rather wishes to inform the Court that Ms. Stephens' mental condition or treatment may account for why she has forgotten certain facts or unwittingly misled her own attorneys. She does not otherwise oppose the motion.

It is clear that the offensive allegations are irrelevant to the substance of the filings in which they appear. While Ms. Gilmour may have made those allegations in good faith, they have no apparent function other than to embarrass or anticipatorily attack Ms. Stephens' credibility or capacity notwithstanding that she is represented by counsel. The Court grants the motion to strike, in part, under Vt. R. Civ. P. 12(f) and, to the extent necessary, under Vt. R. Pub. Acc. Ct. Rec. 9.[3]

Accordingly, the Court will seal the filings identified below. Ms. Gilmour shall re-file those documents with the indicated material deleted or redacted. The replacement filings shall otherwise be identical to the originals.

> 1. Ms. Gilmour's Answer (filed Nov. 18, 2024), omitting the paragraph beginning on page 4 that starts with "I bring to the attention" and ending on page 5 with "her own guardian."

---

[3] Rule 12(f) applies to the pleadings only. A motion is not a pleading. *See* Vt. R. Civ. P. 7.

2.  M.G.'s Answer (filed Nov. 18, 2024), omitting the paragraph on page 5 that starts with "I bring to the attention" and ending with "her own guardian."

3.  Ms. Gilmour's Motion to Join (filed Nov. 18, 2024), omitting the two consecutive sentences on page 2 that start with "Rule 1.14 of the ABA" and end with "experienced by Counterdefendant."

4.  Ms. Gilmour's Amended Motion to Join (filed Nov. 19, 2024), omitting the two consecutive sentences on page 2 that start with "Rule 1.14 of the ABA" and end with "experienced by Counterdefendant."

The motion to strike otherwise is denied.  The Court finds no basis to award sanctions at this time.

Conclusion

For the foregoing reasons:

(a) Ms. Gilmour shall obtain counsel for M.G. or show cause as to why M.G.'s counterclaims should not be dismissed within 30 days.  The failure to do so will result in the dismissal of M.G.'s counterclaims.

(b) Ms. Stephens shall show cause as to why her claims against M.G. should not be dismissed within 30 days.  The failure to do so will result in the dismissal of the claims against M.G.

(c) Ms. Stephens' motion to dismiss counterclaims is granted, in part, and denied, in part.  Ms. Gilmour's IIED and defamation counterclaims are dismissed.  Her warranty of habitability, retaliatory eviction, and abuse of process claims are not dismissed.

(d) Ms. Stephens' motion for judgment on the pleadings is denied.

(e) Ms. Stephens' motion to strike is granted, in part and denied, in part.  The Court will seal the filings identified above.  Ms. Gilmour shall re-file those documents with the indicated material deleted or redacted within 45 days.  The replacement filings shall otherwise be identical in substance to the originals.

Electronically signed on Monday, January 6, 2025, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge