Filed 05/05/25

VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01038

| Robert "Bob" Welsh Living Trust v. Christina Jackson |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Strike  (Motion: 1)
Filer:        Christina Marie Jackson
Filed Date:   March 21, 2025

The motion is GRANTED IN PART and DENIED IN PART.

Defendant Christina Jackson has filed a motion to strike under Vermont Rules of Civil Procedure 11 and 12.  Plaintiff, the Robert "Bob" Welsh Living Trust has not filed either a response or opposition to this motion.  The matter is now ripe, and the Court will take up Defendant's motion and its two set of arguments.  Based on the Court's analysis, it finds that there is sufficient basis to grant a portion of Defendant's motion related to sufficiency of notice under 9 V.S.A. § 4467)(e).  For this reason, as explained below, the Motion is **Granted in Part**, and the present action is **Dismissed** under V.R.C.P. 12(b)(6).

Courts rarely grant motions to dismiss for failure to state a claim and generally disfavor them.  *Colby v. Umbrella Inc.*, 2008 VT 20, at ¶ 5; see also *Bock v. Gold*, 2008 VT 81, ¶ 4 (citation omitted).  To determine whether a complaint survives a motion to dismiss, the court assumes the factual allegations in the complaint are true.  *Colby*, 2008 VT 20, at ¶ 5.  The court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief.  *Id.*  This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it."  *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)); see also *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982), overruled on other grounds in *Muzzy v. State*, 155 Vt. 279, (1990).

The first part of Defendant's motion reads as a motion to strike under V.R.C.P. 12(f).  Defendant seeks to strike the complaint because Plaintiff's signature is illegible and because Plaintiff,

which is listed as a Trust does not have an attorney. The Court does not find either of these grounds to be persuasive.

As to the signature, the legibility issue is something that can be clarified at trial, and it only becomes an issue if the filings were not signed by the Plaintiff. The filings indicate that while the property is owned by the Robert "Bob" Welsh Living Trust, Robert "Bob" Welsh is, in fact, alive and well and is the person behind the trust and the filings. As such, he can verify to the Court whether the pleadings are his or not.

In this respect also, Defendant's argument and citation to the Vermont Supreme Court's decision in *Estate of Snelgrove v. LeBlanc* is not controlling. 2023 VT 58, ¶ 5. In *Estate of Snelgrove*, a party was subject to a guardianship, and the guardian acted as the party's representative in Court. The Court found that guardians or similar third-party agents or representatives could not act as both guardian and attorney for the party. Id. In this case, the filings indicate that Mr. Welsh is effectively settlor, trustee, beneficiary, and person in interest. While the Court would want to explore this issue further, the situation appears to be closer to an LLC or Corporation that seeks to be represented through its owners. See *Memphremagog Rentals v. Turnbaugh*, Dckt. No. 24-CV-00110 (Mar. 12, 2024) (Richardson, J.) (noting that a non-attorney owner may represent an LLC if they are authorized, have the competency to self-represent, and share a common interest) (citing *Vt. Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp.*, 159 Vt. 454, 458 (1992)). In this case, the filings indicate that there is a common interest, that the entities and offices are all held by one person, and there appears from the filings a general competency for Mr. Welsh to respresent himself. For these reasons, the first part of Defendant's motion to strike is **Denied.**

This brings the Court to the second part of Defendant's motion, which is framed as a more straightforward motion to dismiss premised on Plaintiff's failure to provide a timely notice to terminate under 9 V.S.A. § 4467(e) and the terms of the parties' lease agreement. The Court understands that this argument is made pursuant to V.R.C.P. 12(b)(6).

In a nutshell, Defendant's argument is that the notice to terminate should be held ineffective as a matter of law because it ends her lease in the middle of a monthly term and not at the end of one, which giver her less than 30 days of notice as required under 9 V.S.A. § 4467(e).

To understand Defendant's motion, the Court looks to the following undisputed facts from Plaintiff's complaint. The parties entered into a written lease that ran for a fixed term of

approximately one year from February 15, 2024 to January 31, 2025. After January 31, 2025, the lease converted into a month-to-month tenancy, which began on February 1, 2025 and would run to the end of each month. The specific term states:

> Following the initial term, the lease will be renewed automatically on a month-to-month basis until: (1) a termination of the lease by the Landlord for no cause notice with a minimum of thirty (30) days written notice if the Tenant has resided in the premises for two (2) years or less or sixty (60) days written notice if the Tenant has resided in the premises for more than two (2) years; or (2) a termination of the lease by the Tenant in accordance with the lease; or (3) by mutual agreement during the term of the lease.

Parties' Lease at § 2 (Pltf.'s Complaint). In this case, Plaintiff prepared a notice of termination that ended the lease on February 6, 2025. Plaintiff delivered the notice of termination to Defendant on January 3, 2025.

Defendant's argument to dismiss is premised on a similarly set of facts decided in the Windsor Superior Court by Judge Tomasi. *Bourne v. Baker*, Dckt. No. 22-CV-2778 (Jan. 20, 2023). The Court has reviewed the *Bourne* decision and several of the cases that it cites. It finds Judge Tomasi's reasoning to be persuasive, and the Court adopts the reasoning of *Bourne* to the present matter.

In *Bourne*, Judge Tomasi analyzed the two sections of 9 V.S.A. § 4467 that apply to terminations of tenancy when a landlord seeks to end a tenancy for "no cause." Subsection 4467(c) applies to tenancy terminations for "no cause" when there is no written lease, and subsection 4467(e) applies to "no cause" terminations when there is a lease. Judge Tomasi notes that the language of the two sections frame the time of termination differently.

Under subsection 4467(c), the date of termination must be either 60 or 90 "days after the date of actual notice," depending on the length of the tenancy. 9 V.S.A. § 4467(c). The language does not include any reference to the "term" or "stated term." Subsection 4467(c) is focused only on the actual notice running from the time the notice is delivered until the date of termination of the tenancy.

Under subsection 4467(e), however, the notice is required to be at least 30 or 60 days "before the end or expiration of the **stated term** of the rental agreement" or the "end or expiration of the **term of the rental agreement**" depending, again, on the length of the tenancy. 9 V.S.A. §

4467(e) (emphasis added). In *Bourne*, Judge Tomasi found that this language effectively required the notice to terminate to run with the month-to-month term set out in the lease. Under this analysis, a landlord must time their notice of termination to the end of the lease term so that the tenant has an unbroken period of notice covering, at the very least, the 30 days leading up to the end of the term. For a month-to-month term based on a written lease, that means the termination should largely track the end of a monthly term.

In both *Bourne* and the present case, there is no dispute that the landlord provided the tenants with notice that by itself provided a sufficient number of days between notice and termination. In *Bourne*, the landlord gave the tenant notice approximately 61 days before the termination. In the present case, Plaintiff has given Defendant approximately 33 days of notice. The difference, according to *Bourne*, is that each new monthly term effectively requires the notice to extend to the end of the new term if it has not reached the 30- or 60-day threshold. So, if a notice of termination runs to the middle of the month, it does not run to the end of the term and is not enough time within the term to qualify. As *Bourne* notes, this concept ties into the common law preceding the Vermont Residential Rental Act. 52 C.J.S. *Landlord & Tenant* § 255.

The present case illustrates exactly how this works. By serving notice on January 3, 2025, Plaintiff did not give Defendant enough notice to terminate the lease effective January 31, 2025, when the original lease term was due to expire. To get to 30 days, the notice had to spill into the first part of the new term, which ran from February 1st to February 28th. In doing so, the notice becomes untethered from the end of the rental term, effectively ending the lease 6 days after the original term expired and only six days into a new month-to-month term. This is insufficient for 9 V.S.A. § 4467(e), which requires no less than 30 days prior to the end of the stated term. Because the notice did not cross the 30-day threshold prior to the expiration of the prior term, it mandated that Plaintiff extend to the end of the February term. Therefore, Plaintiff's notice to Defendant was insufficient under 9 V.S.A. § 4467(e), and the termination is unenforceable under 9 V.S.A. §§ 4453–54. *Andrus v. Dunbar*, 2005 VT 48, ¶ 10 (requiring dismissal where proper notice of termination has not be given).

In coming to this conclusion, the Court will note that there are a variety of factual circumstances that are not present here that might affect how the Court would rule in other cases. First, this court makes no ruling on what effect a notice given under Section 4467(e) would have if the notice was for the length of a term but did not land on the last day. For example, if Landlord in

the present case had given notice in December of 2024 but had kept the termination date of February 6, 2025.  Second, the Court makes no ruling on whether a notice prior to start of a term that runs to the end of the term would be calculated for the purpose of 9 V.S.A. § 4467(e).  In this case, the month of February has less than 30 days, meaning any notice that complied with the 30-day provision would have to start in January.  Such alternatives are beyond the scope and analysis of this decision.

What this Court does conclude is that the present notice does not comply with 9 V.S.A. § 4467(e) in that it was given too late to permit timely notice prior to the end of the January 2025 term and too early for the end of the February term.

Given that Plaintiff has premised termination only on no cause, the cause must fair for want of sufficient and compliant notice.  Defendant's motion is **Granted.**

## <u>ORDER</u>

Based on the foregoing, Defendant's motion is **Denied in part and Granted in part.**  The Motion to Dismiss is **Granted** under V.R.C.P. 12(b)(6), and the present ejectment action is **Dismissed** as a matter of law.  The present ejectment action is closed, and the hearing in this matter is **Cancelled**.  Any other pending motions are **Dismissed as moot.**

Electronically signed on 5/5/2025 2:20 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge