Filed 03/12/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT  05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04072

| Kenneth Mathieu v. Paul Jarvis |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss  (Motion: 1)
Filer:          Andrew H. Maass
Filed Date:     October 22, 2025

     Plaintiff Kenneth Mathieu brought this case against Defendant Paul Jarvis, Esq., who represented Mathieu's namesake son in a divorce action.  Mathieu claims that he should have received a tow truck and tools on the property where his son and former daughter-in-law lived when the judge in the divorce case divided the marital property.  Jarvis has moved to dismiss Mathieu's complaint since Jarvis represented Mathieu's son in the divorce, not Mathieu. Mathieu asserts he represents both his son and himself in this case.  Mathieu represents himself and Jarvis has counsel.  For the reasons set forth below, the court GRANTS Jarvis's motion to dismiss (Mot. 1).

### I.          Background

     The divorce awarded Mathieu's former daughter-in-law "sole possession and ownership" of the tow truck and the residence storing the tools that he seeks.  *See Mathieu v. Mathieu*, No. 21-DM-00618, Final Decree of Divorce at 4 (March 2, 2022).  Mathieu was not a party to the divorce.  Jarvis represented Mathieu's son in that case at trial and on appeal.  The Vermont Supreme Court affirmed the trial court's division of marital property.  *Mathieu v. Mathieu*, No. 22-AP-089, Entry Order Affirming Final Decree of Divorce (August Term, 2022).

     In a separate case by Green Mountain Credit Union against Mathieu and Mathieu's former daughter-in-law, the court allowed the credit union to take possession of the tow truck following default on the loan to purchase the truck.  *Green Mountain Credit Union v. Mathieu*, No. 23-CV-03182, Decision on Motion for Summary Judgment (June 23, 2025).  No one appealed that decision.

### II.          Discussion

     A motion to dismiss tests the law of the claim and the court will grant it when no facts or circumstances entitle plaintiff to relief.  *Davis v. Am. Legion, Dept. of Vt.*, 2014 VT 134, ¶ 12, 198 Vt. 204; *Powers v. Off. of Child Support*, 173 Vt. 390, 395 (2002).

     "The longstanding common law rule is that an attorney owes a duty of care only to the client, not to third parties who claim to have been damaged by the attorney's negligent representation."  *Bovee v. Gravel*, 174 Vt. 486, 487 (2002) (mem.).  This rule allows the attorney

to represent their clients "zealously . . . without the threat of suit from third parties compromising that representation." *Hedges v. Durrance*, 2003 VT 63, ¶ 6, 175 Vt. 588 (mem.) (quotation omitted); *see also Strong v. Fitzpatrick*, 2017 VT 35, ¶ 12, 204 Vt. 452 (rule requiring attorney-client privity for legal malpractice action developed to ensure attorney maintains focus on client's objectives without interference or "looming possibility of suit from third parties").

Only Jarvis' client, Mathieu's son, may bring a malpractice action against Jarvis based on Jarvis's representation of him in the divorce action. Mathieu brought this case alone. Jarvis owed Mathieu no duty of care. No facts or circumstances would entitle Mathieu to the relief he seeks in this case. *See Davis*, 2014 VT 134, ¶ 12.

Nor may Mathieu represent his son in this case. Vermont prohibits the practice of law by non-attorneys like Mathieu. *Estate of Snelgrove v. LeBlanc*, 2023 VT 58, ¶ 5, 218 Vt. 636 (mem.). "'The practice of law includes all advice to clients, and all actions taken for them in matters connected with the law.'" *In re Morales*, 2016 VT 85, ¶ 11, 202 Vt. 549 (quoting *In re Welch*, 123 Vt. 180, 182 (1962)).

This case may not collaterally attack Mathieu's son's divorce or the credit union's repossession of the tow truck. *See Town of Pawlet v. Banyai*, 2024 VT 13, ¶ 8, 219 Vt. 90 (prohibiting collateral attack in one proceeding as impermissible attempt to question validity of final judgment in another) (citation omitted).

## III.  Order

For the reasons set forth above, the court GRANTS Jarvis's motion to dismiss (Mot. 1).

Electronically signed pursuant to V.R.E.F. 9(d) on March 12, 2026.

Colin Owyang
Superior Court Judge