Filed 12/15/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-2547

| | |
|---|---|
| AMANDA MCCLARY,<br>　　　Plaintiff<br><br>　　　v.<br><br>UVM MEDICAL CENTER, et al.,<br>　　　Defendants | DECISION ON MOTION |

## ORDER RE: PENDING MOTIONS

Plaintiff Amanda McClary brings this action for medical malpractice and other claims against various entity defendants, including UVM Medical Center, Timberlane Pediatrics, Essex Rescue, Vermont 911, the City of Essex Junction, and Dartmouth Hitchcock Medical Center. Now pending are numerous motions, including several motions to dismiss.

Preliminarily, the Court observes that while most of Plaintiff's claims appear to be brought on behalf of her minor child, Plaintiff is currently proceeding pro se. In doing so, Plaintiff is essentially acting as her minor child's attorney. Our Supreme Court, however, has expressly held that "a nonattorney guardian may not represent a ward in court proceedings without an attorney because it would violate the prohibition against the unauthorized practice of law and possibly lead to abuse." *Est. of Snelgrove v. LeBlanc*, 2023 VT 58, ¶ 5, 218 Vt. 636.

Plaintiff argues that under Rule 17 of the Vermont Rules of Civil Procedure, "a minor may sue by a next friend or a guardian ad litem" and that, as the injured child's parent, she "properly initiated this action in a next friend capacity." Pl.'s Opp'n to City of Essex Junction's Mot. to Dismiss at 1 (filed Sept. 20, 2025). Rule 17(b) indeed provides that a minor's "representative," such as a "general guardian, conservator, or other like fiduciary . . . may sue or defend on behalf of" the minor, and that a minor without such a representative "may sue by a next friend or by a guardian ad litem." V.R.C.P. 17(b). But our Supreme Court has directly rejected Plaintiff's argument, holding that Rule 17(b) does not "expressly authorize[] a guardian to act pro se on behalf of a ward," and that "interpreting the . . . rule to allow such action would conflict with this Court's authority to regulate the practice of law." *Est. of Snelgrove*, 2023 VT 58, ¶ 5.

Accordingly, the Court concludes that this action was invalidly filed by Plaintiff and cannot proceed. *See id.* ¶ 1. Rather, as her minor child's parent or representative, Ms. McClary must retain an attorney licensed to practice law in the state of Vermont to represent her child and litigate the child's claims in this action. The Court will allow Plaintiff 60 days to obtain counsel. Otherwise, the claims brought on behalf of Plaintiff's minor child will be dismissed. *See id.* ¶ 9.

Because the Second Amended Complaint reveals that the claims largely concern Plaintiff's minor child – with the exception of the retaliation claim and part of the civil rights claim – the Court will stay this action in its entirety during those 60 days.

Order

The Court will STAY this action for 60 days to allow Plaintiff an opportunity to retain counsel who files a notice of appearance. <u>If nothing further is filed within 60 days, the claims brought on behalf of Plaintiff's minor child (that is, all claims except the retaliation claim and the civil rights claim to the extent it alleges violations of Plaintiff's individual rights) will be dismissed without prejudice.</u>

Electronically signed on December 10, 2025 at 4:52 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge